IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONADABE DA SILVA PEIXOTO**<br>**Plaintiff,**<br><br>v.<br><br>**J.L. JAMISON, BRIAN MCSHANE, TODD LYONS, U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, PAMELA BONDI**<br>**Defendants.** | CIVIL ACTION<br><br><br><br>NO. 26-CV-967 |

**O R D E R**

**AND NOW**, this 20th day of February, 2026, upon consideration of Petitioner Peixoto's Petition for Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition (ECF No. 3), and the Stipulation (ECF No. 4), **IT IS HEREBY ORDERED** as follows:

1. The Stipulation is **APPROVED**;

2. Peixoto's Petition is **GRANTED**;[i]

3. The Government shall **RELEASE** Peixoto from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **12:00 p.m. ET on February 23, 2026**;

4. The Government is temporarily enjoined from re-detaining Peixoto for seven days following his release from custody;

5. If the Government chooses to pursue re-detention of Peixoto after that seven-day period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a); and

6. Pending the ordered bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Peixoto from the Commonwealth of Pennsylvania. If the Immigration Judge determines that Peixoto is subject to detention under 8 U.S.C. §

1226(a), the Government may request permission of the Court to move him. If unforeseen or emergency circumstances arise that require Peixoto to be removed, any such request must include an explanation for the request as well as a proposed destination.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**
_____
**WENDY BEETLESTONE, C.J.**

---

[i] In January 2023, Jonadabe da Silva Peixoto and his wife entered the United States without inspection, and promptly surrendered themselves to immigration enforcement officers. The two were quickly released to continue their journey to Philadelphia, where they submitted timely applications for asylum. In a case where the parties made nearly identical arguments, this Court held that detaining individuals in Peixoto's position without a bond hearing violates the Immigration and Nationality Act, 18 U.S.C. § 1101 *et seq. Rio Porras v. O'Neill*, 2025 WL 3708900 at *2-3 (citing *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Karashnov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); and, *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025)).

The same ruling is justified in the present case. The only novelty to Peixoto's case is the Government's citation to a recent Fifth Circuit decision, *Buenrostro-Mendez v. Bondi et al.*, 2026 WL 32330 (5th Cir. 2026). In this decision, a divided panel ruled that: (1) all "applicants for admission" (*i.e.* anyone who arrived in the United States without inspection) are persons "seeking admission" and therefore subject to Section 1225(b)(2)'s mandatory detention provision; and, (2) Section 1226(a)'s discretionary detention provision is only for those aliens admitted to the United States but now facing removal (*e.g.* visa holders who have overstayed or committed some crime subject to removal). *Id.* at 4-9. Under this ruling, the Government argues, Peixoto's irregular entry into the country means he is an applicant for admission, and therefore subject to mandatory detention under Section 1225(b)(2).

This argument is no different than the ones addressed in prior *habeas* petitions; now there is an additional, non-precedential citation attached. *See Rios Porras*, 2025 WL 3708900; *Ndiaye*, 2025 WL 3229307. However, the Fifth Circuit's decision is not binding on this Court, nor is it persuasive. If one is to look outside the Third Circuit, a recent Seventh Circuit decision, *Castañon-Nava v. U.S. Dep't. of Homeland Sec.*, more properly explains and applies the law. 161 F.4th 1048 (7th Cir. 2025). In ruling on an injunction application, the Seventh Circuit

explicitly rejected the Government's argument that an "applicant for admission is synonymous with a person seeking admission." *Id.* at 1061 (internal quotations omitted).  Rather, the Seventh Circuit reasoned, the plain meaning of "seeking admission" refers to those attempting to enter the country.  *Id.*  In contrast, Section 1226(a) permits (but does not require) detention of "certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Id.*; s*ee also*, *Jennings v. Rodriguez*, 583 U.S. 281, 289, 303 (2018) (interpreting Section 1226(a) to authorize the detention of "aliens already in the country pending the outcome of removal proceedings"). As explained by the Seventh Circuit, adoption of the Government's proffered interpretation would render other provisions of the INA superfluous, thereby violating "one of the cardinal rules of statutory construction."  *Id.* (citing *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023)).  Furthermore, it would run contrary to one of the bedrock principles of immigration law that noncitizens within the United States possess additional rights and privileges relative to those at the border.  *Id.* at 1061-62, n. 13 (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance chances, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958)).

This Court finds the Seventh Circuit's reasoning persuasive.  Peixoto's petition therefore joins the legion of cases in which the Government has tried, and failed, to convince the courts that all "applicants for admission" are subject to mandatory detention under Section 1225(b).